United States District Court

For the District of Columbia

**FILED**

AUG 3 0 2012

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

Carl T. Swope, #37196-424
FCI FT. WORTH
P.O.B. 15330     Plaintiff,
FT. WORTH, TX. 76119

vs.

United States Department of Justice
Federal Bureau of Prisons,

         Defendant(s).

Case: 1:12-cv-01439
Assigned To : Leon, Richard J.
Assign. Date : 8/30/2012
Description: FOIA/Privacy Act

**Complaint under the freedom of Information and Privacy Acts**
**5 USC 552 and 5 USC 552(a)**

COMES NOW, Carl T. Swope, Plaintiff, pro se, and states the following as his cause of action:

### Jurisdictional Statement

1.    This cause of action arises under the provisions of the Freedom of Information and Privacy Acts, 5 USC and 5 USC(a), and this Court has jurisdictional and venue in this matter by virtue of the provisions of 5 USC 552(a) (4) (B).

2.    The Plaintiff was sentenced in the United States District Court, Eastern District of Missouri and presently resides in Fort Worth, Texas.

3.    On or about December 30, 2011, the Plaintiff filed a Freedom of Information Privacy Act request to the Bureau of Prisons requesting access to documents in his Central File located in the FOIA EXEMPT SECTION.

4.    The Defendant is a Department of the Executive Branch of the United States Government and has among its constituent agencies, the Federal Bureau of Prisons (BOP), herein named as a Defendant.

5.    The BOP is an agency within the meaning of the term "agency" as that term is used in the Freedom of Information Act.

RECEIVED
Mail Room

AUG - 2 2012

Angela D. Caesar, Clerk of Court
U S District Court District of Columbia

<u>Count I</u>

1.  The allegations contained in paragraph 1 through 5 of the jurisdictional statement are incorporated herein as though fully stated herein.

2.  The Federal Bureau of Prisons prepares and maintains a system of records pertaining to those incarcerated within its facilities.

3.  On or about December 30, 2011, the Plaintiff did make a request in writing for access to records contained in the "FOIA EXEMPT SECTION" of Plaintiff's Central File. [Exhibit 1]

4.  The Bureau of Prisons initially did fail, refuse, and neglect to comply with the Plaintiff's request.

5.  On or about March 9, 2012, the BOP responded stating, "Your medical file has been reviewed and four hundred three (403) pages are responsive to your request and are releasable to you in their entirety." **2012-03369** [Exhibit 2]

6.  On or about March 15, 2012, Plaintiff wrote Mr. Jason A. Sickler, Regional Counsel (BOP) and asked for clarification of his March 9, 2012 letter. [Exhibit 3]

7.  On or about April 12, 2012, Plaintiff again wrote Mr. Sickler inquiring as to the status of his FOIA request.[Exhibit 4]

8.  On or about April 26, 2012, Plaintiff elected to treat the failure of the Bureau of Prisons to respond to Plaintiff's request as a denial of his request, and did file an appeal with the Attorney General of the United States, directed to the Office of Information Policy (OIP), all in compliance with the provisions of 28 CFR 16.7. [Exhibit 5]

9.  On or about May 7, 2012, Plaintiff received acknowledgement from the Office of Information Policy that Plaintiff's FOIA appeal had been received, **AP-2012-02225**. [Exhibit 6]

10.  On or about May 29, 2012, Plaintiff received correspondence from Mr. Jason A. Sickler, clarifying his March 9, 2012 letter.  Mr. Sickler states in part, "...it is noted a typographical error was made in the March 9, 2012." [Exhibit 7]

11.  June 7, 2012, Plaintiff acknowledged receipt of the above letter and informed Mr. Sickler, if his office would arrange for Plaintiff to review the 403 releasable pages; Plaintiff could make a determination if modifying his request would be possible. [Exhibit 8]

12.  On or about June 13, 2012, Plaintiff was advised by the Office of Information Policy that his appeal was now "moot".  Furthermore, Plaintiff was told by way of this correspondence, "I note that on appeal you requested 'direct access to view the FOIA Exempt section of [your] Central File.'  If you have not done so already, I suggest that you follow the simple access procedures set forth at 28 C.F.R. §513.40 (2011)."  [Exhibit 9]  I would point out to the Court that the simple access procedures do not apply in this case.  If it were possible to view the "FOIA EXEMPT SECTION" of Plaintiff's Central File, Plaintiff would have already done so.

13.  On or about June 20, 2012, Plaintiff again wrote Mr. Jason A. Sickler, BOP Regional Counsel, asking that the BOP provide access to the FOIA EXEMPT SECTION of his Central File. [Exhibit 10]

14.  On or about June 30, 2012, Plaintiff sent correspondence to Ms. Kathleen M. Kenney, General Counsel, for the Bureau of Prisons. Plaintiff outlined to General Counsel what he was requesting pursuant to FOIA and explained the difficulties he was having in securing these documents because of the continued delays on the part of Jason A. Sickler, BOP Regional Counsel.  As of July 31, 2012, Plaintiff has received no response. [Exhibit 11]

15.    On or about July 5, 2012, Plaintiff received correspondence from Mr.
       Jason A. Sickler informing him that "simple access procedures" do not
       apply to the FOIA EXEMPT SECTION of Plaintiff's Central File.  Mr.
       Sickler goes on to say that, "At the request of the BOP, OIP is
       reviewing the June 13, 2012, response to appeal number AP-2012-02225."
       This response was from the U.S. Attorney General's Office, Office of
       Information Policy wherein the U.S. Attorney advised the Plaintiff to
       use the simple access procedures to review the documents Plaintiff is
       requesting. [Exhibit 12]

16.    On or about July 8, 2012, Plaintiff responded to Mr. Sickler's letter
       and specifically explained once again what document(s) Plaintiff is
       requesting.  Plaintiff noted, "If your office will refer to my original
       FOIA/PA request dated December 30, 2011, you will note in paragraph 2,
       I explained in more detail by asking for the Escorted Trip
       Authorization Forms dated from any time in January 2003 through
       December 2005."  Plaintiff also informed Mr. Sickler that if the BOP
       continued to delay and refused to produce the requested document(s),
       Plaintiff would file complaint with this Court. [Exhibit 13]

17.    On or about July 20, 2012, Plaintiff received correspondence from, Ms.
       Janice Galli McLeod, Associate Director, OIP, U.S. Department of
       Justice.   Ms. McLeod states, "It appears from a review of the
       correspondence that you recently sent to the BOP that you misunderstood
       the intent of OIP's June 13, 2012 letter to you.  I apologize for any
       confusion..." [Exhibit 14]

18.    On or about July 24, 2012, Plaintiff responded to Ms. McLeod's July 20,
       2012 letter and reiterated that he was specifically requesting the
       Escort Trip Authorization Forms. [Exhibit 15]

19.    Plaintiff has provided every opportunity for the BOP to comply with his
       FOI/PA request; however, they refuse to do so.  Furthermore, Plaintiff

was recently informed by his Case Manager at FCI Fort Worth that, he (Plaintiff's Case Manager) had destroyed document(s) located in Plaintiff's Central File in an effort to thin it out. Plaintiff has no way of knowing if any document(s) destroyed were relative to his FOI/PA request.

19.  The Plaintiff brings this civil action for the purpose of compelling the Defendants to disclose to the Plaintiff documents located in the "FOIA EXEMPT SECTION" of his Central File. The Bureau of Prisons has identified 403 pages of releasable documents, however, Defendants have failed to provide an index as to any document(s) or notify the Plaintiff as to any documents being withheld as required by the Freedom of Information Act.

20.  Plaintiff has requested the opportunity to review the 403 pages of releasable documents in order to determine if modifying his FOIA request is possible, when the BOP refused to allow this; Plaintiff once again pointed out to the Defendant's, he had specifically asked for the "Escort Trip Authorizations Forms" the Defendant's continue to deny this request.

Wherefore, the Plaintiff prays an Order of this Court directing that the Defendants disclose to the Plaintiff the contents of the FOIA EXEMPT SECTION of his Central File or at the very least; that Defendant's produce the "Escorted Trip Authorization Forms from any time in January 2003 through December 2005. That the Court Order the Defendants to disclose to the Plaintiff any documents being withheld and to provide reasoning for the denial, that the Court Order the Defendant's to stop destroying document's in his Central File until this Court rules on Plaintiff's complaint. Furthermore, the Plaintiff prays an Order of this Court directing the Defendants to pay the filing fee in this cause of action along with reasonable monies owed to the Plaintiff for costs associated in the filing of

this complaint, and such other action as this court should deem just and proper.

Respectfully submitted,

Carl T. Swope, 27196-424 (Pro-se)
FCI Fort Worth
Post Office Box 15330
Fort Worth, TX 76119-0330

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Freedom of Information Privacy Act Complaint was placed in the prisons mailbox; first-class postage prepaid the 31 day of July 2012, for mailing, to:

Mr. Jason Sickler, Esq.
South Central Regional Counsel
Federal Bureau of Prisons
4211 Cedar Springs Road, Suite 300
Dallas, TX 75219

Respectfully submitted,

Carl T. Swope, 27196-424 (Pro-se)
FCI Fort Worth
Post Office Box 15330
Fort Worth, TX 76119-0330

Attestation

FOIA COMPLAINT

United States District Court    )
                                )
United States of America        )

COMES NOW, Carl T. Swope, Plaintiff, Pro-se, in the above entitled cause of actions, and upon his oath does depose and state that the allegations contained in the foregoing complaint are true and correct according to his best knowledge, information, and belief, and that he does so state under the pains and penalties of perjury.

Dated this 31 of July, 2012

Carl T. Swope, 27196-424 (Pro-se)
FCI Fort Worth
Post Office Box 15330
Fort Worth, TX  76119-0330

Carl T. Swope
FCI Fort Worth 27196-424
Post Office Box 15330
Fort Worth, TX 76119

United States Department of Justice
Federal Bureau of Prisons
FOIA/PA Coordinator
320 1st Street, NW
Washington, D.C. 20534

December 30, 2011

Dear FOIA/PA Coordinator:

This is a request pursuant to Title 5 United States Code §552, the
Freedom of Information Act, for copies of each of the documents
contained in my Inmate Central File (also called the Central
Classification File) presently located here at FCI Fort Worth.

Specifically, I request every document contained in the section
titled "FOIA/PA Exempt", and particularly the "Escorted Trip
Authorization Forms" dated from any time in January 2003 through
anytime in December 2005.
Pursuant to the applicable time constraints of the FOIA, I will
expect to receive this material promptly.

Thank you for your time and consideration in this matter.  I look
forward to hearing from you in the near future.

Sincerely,

Carl T. Swope

Encl.: Certificate of Identity
       For Carl T. Swope

12 1439

FILED

AUG 3 0 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PLAINTIFF
EXHIBIT -1-



U.S. Department of Justice

Federal Bureau of Prisons

*South Central Regional Office*

---

*421 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

March 9, 2012

Carl Swope
Register No. 27196-424
FCI Fort Worth
P. O. Box 15330
Fort Worth, Texas 76119

Re: Freedom of Information Request Number 2012-03369
    SWOPE, Carl, Register Number 27169-424

Dear Mr. Swope:

This is in response to your recent letter in which you requested a copy of Federal Bureau of Prison's medical record documents pertaining to yourself.

Your medical file has been reviewed and four hundred three (403) pages are responsive to your request and are releasable to you in their entirety.

However, Title 28, Code of Federal Regulations, Section 16.11(a), requires that a fee of ten cents (.10) per page be charged for each page released.  Thus, for the four hundred three (403) pages releasable to you, a fee of thirty dollars and 30/100 ($30.30) is due.  Please forward a money order or check in the amount of thirty dollars and 30/100 ($30.30), made payable to the Department of Treasury, to the address listed above.  Upon receipt of the amount due, the records will be forwarded to you.

In accordance with the provisions of Title 28, Code of Federal Regulations, Section 16.11(e) we are required to provide advance notice of any fee expected to exceed twenty-five dollars ($25.00), or which exceeds an amount you have previously indicated a willingness to pay.  If you wish, you may provide this office with a letter modifying your request to reduce or possibly eliminate the fees. Please note that your request will be closed thirty days from the date of this letter, at which time you would be required to resubmit your request to the Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534.

Sincerely,

Jason A. Sickler
Regional Counsel

12 1439

**FILED**

AUG 3 0 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PLAINTIFF
EXHIBIT -2-

Carl T. Swope
FCI Fort Worth 20116-424
Post Office Box 15330
Fort Worth, TX 76119

Jason L. Sickler, Esq.
Regional Counsel
South Central Regional Office
Federal Bureau of Prisons
4211 Cedar Springs Road, Suite 300
Dallas, TX 75219

March 15, 2012

Re: FOIA Request No.: 2012-03139

Dear Mr. Sickler:

Thank you for your response to my FOIA request.

First, I want to make certain that we are talking about the same FOIA request; the one I sent was for the material contained in my Central File. Your letter mentions a request for medical records, which this is not.

Please check into this and make sure that we are looking at the same request.

Also, please let me know what the cost would be to have this material delivered to me on Compact Disk.

Thank you for your time and consideration in this matter. I look forward to hearing from you in the near future.

Sincerely,

Carl T. Swope

12 1439

**FILED**

AUG 3 0 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PLAINTIFF-3

Carl T. Swope, 27196-424
FCI Fort Worth
Post office Box 15330
Fort Worth, TX 76119-0330

April 12, 2012


Mr Jason A. Sickler, Esq.
Regional Counsel
U.S Department of Justice
Federal Bureau of Prisons
4211 Cedar Springs Road, Suite 300
Dallas, TX 75219

In Re: **Freedom of Information (2012-03369) follow-up letter**

Dear Mr. Sickler:

December 30, 2011 I sent the Bureau of Prisons a request pursuant to the Freedom of Information and Privacy Act(s). March 9, 2012 I received a response from your office noting that 403 documents **(from my medical file)** had been located and are being released in their entirety. March 15, 2012 I responded to your letter asking for clarification with your response because my initial request was for information located in my "Central File," as of this date, April 12, 2012 I have yet to receive a reply from your office.

I certainly can appreciate the fact your office receives many of these requests, however, it appears at this point the only determination that needs to be made is whether or not the document's in your response are the actual document's in my original request.

Respectfully I am asking that a response be provided by our office so I can determine what course of action I need to take, i.e. appeal or modify my original request.

Thank you for your cooperation in this matter and I look forward to receiving your response shortly.

Respectfully,


Carl T Swope

xc: file

PLAINTIFF
EXHIBIT -4-

Carl T. Swope, 27196-424
FCI Fort Worth
Post Office Box 15330
Fort Worth, TX  76119-0330

April 26, 2012

Director, (OIP)
Office of Information Policy
U.S. Department of Justice
1425 New York Avenue, Suite 11050
Washington, D.C.  20530


In Re:  **Freedom of Information/Privacy Act Appeal**

Greetings Director·

This is a Freedom of Information/Privacy Act appeal being made pursuant to
Title 28 Code of Federal Regulations, Section 16.9 or 16.45.  Please note the
following:

1.    December 30, 2011, I requested access to information located in my
      institutional "Central File" from the Federal Bureau of Prisons
      (hereinafter BOP)  (copy enclosed)

2.    A letter dated March 09, 2012 was received from BOP Regional Counselor,
      Mr. Jason A. Sickler; stating in part "Your medical file has been
      reviewed and four ~~hour~~ hundred three (403) pages are responsive to your
      request and are releasable to you in their entirety." (copy enclosed)

3     March 15, 2012 I wrote Mr. Sickler asking for clarification with his
      response, stating that my initial FOIA/ PA request was for information
      located in my Central File **not** in my Medical Chart. (copy enclosed)

4.    April 12, 2012 I again wrote Mr. Sickler asking for a response to my
      March 15th  letter, I explain that I needed to know which record he was
      referring to in his March 9th letter, I informed him that before I
      could make a determination as to modifying my request I needed to know
      if the document's were from my Central File of Medical Chart. (copy
      enclosed)

5.    As of this date, April 23, 2012 I have  yet to  receive  a  response.

For purposes of this appeal,  I need to know if the document's mentioned in
the BOP's response dated March 9, 2012, are for medical records or  are
records from  my  Central File.  Furthermore, I am requesting direct access
to view the FOIA Exempt section of my Central File since all document's are
considered releasable to me.

If you have questions please do not hesitate to contact me at the ~~able~~ above
Address.  I will expect a response to this appeal in 20 working days.

**FILED** 12 1439

AUG 3 0 2012

Clerk U.S. District & Bankruptcy
                                          Courts for the District of Columbia

                                                        PLAINTIFF
                                                        EXHIBIT -5-

Respectfully submitted,


Carl T  Swope

Enclosure(s)

xc:   Mr. Jason Sickler, Esq.
      file



**U.S. Department of Justice**

Office of Information Policy

_Telephone· (202) 514-3642_                    _Washington, D.C.  20530_

MAY - 7 2012

Mr. Carl T. Swope
Register No. 27196-424
Federal Correctional Institution
Post Office Box 15330
Fort Worth, TX  76119-0330

     Re:  Request No. 2012-03369

Dear Mr. Swope:

     This is to advise you that your administrative appeal from the action of the Federal Bureau of Prisons was received by this Office on May 7, 2012.

     The Office of Information Policy has the responsibility of adjudicating such appeals.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **AP-2012-02225**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  If you have any questions about the status of your appeal you may contact me at the number above.

     Sincerely,

     Priscilla Jones
     Supervisory Administrative Specialist

12 1439
FILED

AUG 3 0 2012

Clerk U S. District & Bankruptcy
Courts for the District of Columbia

PLAINTIFF
EXHIBIT - C -



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

4211 Cedar Springs Road, Suite 300
Dallas, Texas 75219

MAY **2 9** 2012

Carl Swope
Register Number 27196-424
Federal Correctional Institution
Post Office Box 15330
Fort Worth, Texas 76119

Re:  Freedom of Information Request Number 2012-03369

Dear Mr. Swope:

This is in further response to the above noted request and responds
to your recent communications in which you request clarification of
the March 9, 2012, letter advising you of the estimated fee for
duplication.  Specifically, you request verification the records
referenced in the prior letter are in fact the records you requested.

On review of the FOIA request file it is noted a typographical error
was made in the March 9, 2012.  The letter referenced medical records
instead of documents maintained in the "FOI Exempt" section of your
central file as referenced in your initial request.  Staff at the
Federal Correctional Institution have verified the four hundred three
(403) pages reference in the March 9, 2012, letter are records
maintained in the "FOI Exempt" section of your central file.

The estimated fee for duplicating these documents is thirty dollars
and thirty cents ($30.30).  In accordance with the provisions of
Title 28, Code of Federal Regulations, Section 16.11(e) we are
required to provide advance notice of any fee expected to exceed
twenty five dollars ($25.00), or which exceeds an amount you have
previously indicated a willingness to pay.  This provision also
requires that we offer you the opportunity to modify your request to
meet your needs at a lower cost.



**FILED**

AUG 3 0 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PLAINTIFF
EXHIBIT - 7

FOIA Req. No. 2012-03369
Carl Swope; Reg. No. 27196-424
Page 2

We request that you advise this office of either your assurance that
you will pay the estimated fee, or advise us of your modified request.
Do not send payment at this time.   Please note that your request will
be closed thirty days from the date of this letter, at which time you
would be required to resubmit your request to the Bureau of Prisons,
320 First Street, N.W., Washington, D.C. 20534.

Sincerely,

Jason A. Sickler
Regional Counsel

lc

Carl T. Swope, 27196-424
FCI Fort Worth
Post Office Box 15330
Fort Worth, TX  76119-0330

June 7, 2012


Mr. Jason Sickler, Esq.
Regional Counsel
U.S. Department of Justice
Federal bureau of Prisons
4211 Cedar Springs Road, Suite 300
Dallas, TX  75219

In re:  Freedom of Information Request No. 2012-03369

Dear Mr. Sickler:

I am in receipt of your letter dated May 29, 2012, thank you.

Please note that after several attempts at writing your office and
receiving no acknowledgement, I appealed this FOIA request, April 29,
2012.

As of May 7, 2012, FOIA request #2012-03369 is pending decision/action
by the Office of Information Policy.  Mr. Sickler, has someone
acknowledged one of the letter's I sent I would have gave your office
time to correct its mistakes.

If you will make available for immediate viewing of the 403 pages of
documents that are releasable to me in their entirety, I will review
these documents and determine if modifying my request will be
possible.  The FOIA allows for the reviewing of information and I
belief this will be the fastest way for me to make a determination.

If arrangements can be made by June 25, 2012, for me to review the
documents; I will consider withdrawing my OIP appeal.  Thank you.

Respectfully,


Carl T. Swope

PLAINTIFF
EXHIBIT - E



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone. (202) 514-3642*

**JUN 1 3 2012**

Mr. Carl T. Swope
Register No. 27196-424
Federal Correctional Institution      Re:      Appeal No. AP-2012-02225
Post Office Box 15330                           Request No. 2012-03369
Fort Worth, TX  76119-0330                      JGM:KRP

Dear Mr. Swope:

You appealed from the action of the Federal Bureau of Prisons (BOP) on your request for
access to records concerning yourself.  Specifically, you appealed BOP's action dated March 9,
2012.

I note that along with your appeal letter dated April 26, 2012, you provided a copy of
your March 15, 2012 and April 12, 2012 letters addressed to BOP.  Subsequent to its receipt of
your letters, BOP determined that its March 9, 2012 letter contained errors.  By letter dated
May 29, 2012 (copy enclosed), BOP issued a revised version of its March 9, 2012 response
advising you that the 403 pages referenced in its earlier letter are records maintained in the "FOI
Exempt" section of your central file.  Consequently, your appeal from BOP's March 9, 2012
action is now moot.  Accordingly, I am closing your appeal file in this Office.

Additionally, I note that on appeal you requested "direct access to view the FOIA Exempt
section of [your] Central File."  If you have not done so already, I suggest that you follow the
simple access procedures set forth in 28 C.F.R. § 513.40 (2011).  Further, please respond directly
to BOP with regard to the issue raised in the last paragraph of its May 29, 2012 letter to you.

Sincerely,

Janice Galli McLeod
Associate Director

Enclosure

**12 1439**
**FILED**

AUG 3 0 2012

Clerk, U S. District & Bankruptcy
Courts for the District of Columbia

PLAINTIFF
EXHIBIT ~9~

Carl T. Swope 27196-424
FCI Fort Worth
Post Office Box 15330
Fort Worth, TX  76119-0330

June 20, 2012

Mr. Jason Sickler, Esq.
South Central Regional Counsel
Federal Bureau of Prisons
4211 Cedar Springs Road, Suite 300
Dallas, TX  75219

In re:     **Freedom of Information Act Request # 2012-03369**

Dear Mr. Sickler:

Response was received from the Office of Information Policy closing out OIP
appeal AP-2012-02225 as "moot".  I have enclosed a copy of this response as a
courtesy.  I was asked to follow-up with your office once more.  Should this
fail, I am prepared to file a formal FOIA suit in Federal Court.  It is my
hope that we can avoid this.

OIP stated that I should avail myself to the "simple access procedures set
forth at 28 C.F.R. 513.40(2011).  Further, please respond directly to BOP
with regard to the issue raised in the last paragraph of its May 29, 2012
letter to you."

Once more, I am requesting direct access to VIEW the 403 pages of releasable
documents.  Once I have done this I can determine what records I want, until
then I cannot.  As you know 28 C.F.R. 513.40(2011) (simple access procedures)
do not apply, I have requested access to information contained in the "FOIA
EXEMPT SECTION" of my Central File.

If your office will arrange for me to view the releasable portions by June
25, 2012, I will not file legal action, if this date is not amendable to you,
please provide a reasonable time that is.

Thank you,


Carl T. Swope


Enclosure


**12 1439**
**FILED**

AUG 3 0 20

Clerk, U.S. District & Bank
Courts for the District of 

PLAINTIFF
EXHIBIT -IC-

Carl T. Swope, 27196-424
FCI Fort Worth
Post Office Box 15330
Fort Worth, TX  76119-0330

June 24, 2012

Ms. Kathleen M. Kenney
Assistant Director & General Counsel
Federal Bureau of Prisons
320 First Street NW
Washington, DC  20534

In re  **Freedom of Information/Privacy act Request(s) 2012-03369**

Dear Ms. Kenney.

Mr. Jason A. Sickler, South Central Regional Counsel, is not responding to my
FOIA request in accordance to procedures set forth in the Code of Federal
Regulations.  It is very apparent by Mr. Sickler's correspondence that he is
not reviewing letters being sent to me with his name attached to them, the
information contained in them is inaccurate.

I have already filed an appeal to the Office of Information Policy and it was
dismissed as "moot."  I have completed an FOIA complaint for filing with the
Court in DC; however, I wanted to contact your office in a last attempt to
avoid legal action.

In short, I am attempting to view documents contained in the **"FOIA EXEMPT"**
section of my Central File.  I have been told there are 403 pages responsive
to my request and they are releasable to me "in their entirety."  I want to
review the 403 pages so I can determine if it will be possible to modify my
FOIA request, if it is not, I will make arrangements for payment.  Until I
can review the documents, I do not know if I can modify my request or not.

These documents are kept on site and can be reviewed with staff present;
there should be no problem with this occurring.  I have attempted to do this
already and was told "no."

I was told to follow the simple access procedures set forth at 28 C.F. R.
513.40 (2011).  Simple access procedures do not apply because I am requesting
access to the FOIA EXEMPT section of my Central File.

I will wait until July 9, 2012, before taking any further legal action, after
that date I will file my complaint in Federal Court and will be sure to ask
the Court to Order the Government to pay the filing fee in this case.

I hope we can avoid any further legal action.

Respectfully,

**12 1439**
**FILED**
AUG 3 0 2012
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

Carl T. Swope

Enclosure(s)

PLAINTIFF
EXHIBIT-11-



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

_____

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

**JUL 05 2012**

Carl Swope
Register Number 27196-424
Federal Correctional Institution
Post Office Box 15330
Fort Worth, Texas 76119

Re:   Freedom of Information Request Number 2012-03369
      Office of Information Policy Appeal Number AP-2012-02225

Dear Mr. Swope:

This is in further response to the above noted request and responds
to your recent communications in which you request authorization to
review documents maintained in the "FOI Exempt" section of your
central file.   You reference a response by the Office of Information
Policy (OIP) dated June 13, 2012, as an indication you should be
permitted to review documents maintained in the "FOI Exempt" section
of your central file.

Bureau of Prisons (BOP) policy strictly prohibits institution staff
from permitting inmates to review or even divulge the contents of
documents maintained in the "FOI Exempt" section of the inmate central
file.   This prohibition is found in Program Statements 1351.006,
Release of Information, and 5800.011, Inmate Central File, Privacy
Folder, and Parole Mini-Files.   The Privacy Folder referenced in
these program statements is commonly referred to as the "FOI Exempt"
section of the inmate central file.   These program statements are
available for review to all inmates incarcerated in BOP facilities
through the Electronic Law Library System.

The letter you received from OIP suggests you may wish to follow simple
access procedures and also advises you to respond directly with the
BOP regarding the issue of the estimated duplication fee.   In
accordance with the above noted policies, the "FOI Exempt" documents
you seek will not be made available to you through the simple access
procedures.   At the request of the BOP, OIP is reviewing the June 13,
2012, response to appeal number AP-2012-02225.

**FILED** 12 1439

AUG 3 0 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PLAINTIFF
EXHIBIT -12-

FOIA Req. No. 2012-03369
Carl Swope; Reg. No. 27196-424
Page 2


As noted in the May 29, 2012, response to your request, the estimated
fee for duplicating documents responsive to your request is thirty
dollars and thirty cents ($30.30).  We request that you advise this
office of either your assurance that you will pay the estimated fee,
or advise us of your modified request.  The processing of you request
for records will not be continued prior to addressing the issue of
the estimated duplication fee.

Sincerely,

Jason A. Sickler
Regional Counsel

lc

Carl T. Swope, 27196-424
FCI Fort Worth
Post Office Box 15330
Fort Worth, TX  76119-0330

July 8, 2012


Mr. Jason Sickler, Esq.
South Central Regional Counsel
Federal Bureau of Prisons
4211 Cedar Springs Road, Suite 300
Dallas, TX  75219

In re: **FOIA request 2012-03369/OIP Appeal AP-2012-02225**

Dear Mr. Sickler:

I am in receipt of your letter dated July 5, 2012, thank you.

Sir, I already know simple access procedures do not apply to the FOIA EXEMPT
section of my Central File.  If you recall, the U.S. Attorney General's
Office suggested that I avail myself to this procedure.  With all due
respect, you may wish to point this out to them.

If your Office will refer to my original FOIA/PA request dated December 30,
2012, you will note in paragraph 2.  I explained in more detail by asking for
the, "Escorted Trip Authorization Forms dated from any time in January 2003
through anytime in December 2005."

Mr. Sickler, I have once again pointed out the information I am specifically
looking for when in fact the BOP has been in possession of it the whole time.
If I do not receive the documents responsive to this letter by July 20, 2012,
I will proceed with my FOIA complaint in Federal Court.

Respectfully,

*Carl T. Sye*

Carl T. Swope


12 14
FILED

AUG 3 0

Clerk U.S. District &
Courts for the District of Columbia

PLAINTIFF
EXHIBIT - 13



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**JUL 2 0 2012**

Mr. Carl T. Swope
Register No. 27196-424
Federal Correctional Institution
Post Office Box 15330
Fort Worth, TX 76119-0330

Re:    Appeal No. AP-2012-02225
         Request No. 2012-03369

Dear Mr. Swope:

       This letter is in further response to the administrative appeal which you submitted under the Freedom of Information Act to this Office in connection with your appeal of the action taken by the Federal Bureau of Prisons (BOP) on March 9, 2012.

       It is appears from a review of the correspondence that you recently sent to BOP that you misunderstood the intent of OIP's June 13, 2012 letter to you. I apologize for any confusion that this letter may have caused you and on re-reading it, I find that it would have been helpful if additional information had been provided to you with regard to the two separate disclosure provisions that are available to you and referenced in paragraph three of that letter. The first concerns access to records in the "FOI Exempt" section of your central file under the procedures found in Program Statement 5800.11 and the second concerns access to certain records under the "local access" (or "simple access") provisions of 28 C.F.R. § 513.40 (2011).

       For requests for any records that are maintained within the "FOI Exempt" portion of your central file (also referred to as the Privacy Folder) the procedures provided for under PS 5800.11 must be followed. There is no provision for your "viewing" or reviewing the records within the "FOI Exempt" section of your central file prior to BOP's processing of your FOIA request for records from that section. The Program Statement referenced above refers to the Privacy Folder as "excluded from inmate review." As you have been advised, there are 403 pages in the "FOI Exempt" section.[1] If all 403 pages are determined to be releasable, your duplication fee for that portion of your central file would be $30.30 (403 pages − 100 pages at no cost = 303 pages x $0.10 per page = $30.30). Until these 403 records are processed, however, it will not be known how many pages may be released to you or what your final bill will be. The $30.30 is an estimate based on the entire number of pages within that section. It is anticipated that not all pages will be released and thus, you final bill is likely to be less than $30.30. If you wish to continue with your request for records found within the "FOI Exempt" section, you must provide

---

[1] I am aware that you received a letter dated March 9, 2012, from BOP indicating that the 403 pages consisted of medical records that would be provided to you in their entireties. This statement is incorrect and has since been corrected by BOP in its letter to you dated May 29, 21012, wherein it explained the error and indicated that the 403 pages were in fact from the "FOI Exempt" section of your central file.

12 1439
**FILED**
AUG 3 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PLAINTIFF
EXHIBIT -14-

- 2 -

a written commitment to BOP to pay at a maximum, the estimated $30.30 fee. Once it receives your commitment BOP will move forward with processing the records maintained within the "FOIA Exempt" section, applying where appropriate FOIA exemptions for portions of those records found to be exempt under the FOIA. Upon completion of the processing, BOP will notify and collect from you any fee that is due prior to releasing any disclosable records. See 28 C.F.R. § 16.11(a). Further, you will receive notice of your right to administratively appeal any adverse determination that might be made by BOP.

It is apparent from your correspondence of June 24, 2012, to BOP that you do not wish to proceed with the local access procedures under 28 C.F.R. § 513.40. Although this procedure does allow you to review certain records, it does not provide for access to the "FOI Exempt" section of your central file for review in advance of processing. Thus, in order to have the "FOI Exempt" section FOIA processed you should provide your written commitment to BOP as described in its letter of May 29, 2012.

I trust that this letter clarifies the issues raised in your June 24, 2012 letter.

Sincerely,

Kenneth Courter / for

Janice Galli McLeod
Associate Director

Carl T. Swope, 27196-424
FCI Fort Worth
Post Office Box 15330
Fort Worth, TX 76119-0330

July 24, 2012


Ms. Janice Galli McLeod
Associate Director
U.S. Department of Justice
Office of Information Policy
1425 New York Avenue NW, Suite 11050
Washington, DC 20530-0001

In re: **Appeal No. AP-2012-02225/Request No. 2012-03369**

Dear Ms. McLeod:

I am in receipt of your letter dated July 20, 2012, thank you.

This FOI/PA request was submitted in December-2011, the initial request was
very clear as to the document(s) I was seeking, "Specifically...the 'Escorted
Trip Authorization Forms' dated from any time in January 2003 through
December 2005."

There should be no more then fifteen (15) to twenty (20) page(s). I wrote
Mr. Jason A. Sickler, BOP Regional Counsel, on July 8, 2012, once again
asking specifically for these document(s) and as of this date, I still have
not received them.

The Bureau of Prisons (BOP) in its initial response stated that 403 pages of
document(s) were releasable to me in their entirety, however, your letter now
informs me that the 403 pages may not be releasable to me, "If all 403 pages
are determined to be releasable,..." Ms. McLeod, the BOP has already stated
the 403 pages are in fact releasable in their entirety.

The BOP and U.S. Attorney General continue to inform me that "simple access"
procedures DO NOT apply to the FOIA EXEMPT SECTION. I know this already.
With all due respect, it was your office that informed me and I quote,
"Additionally, I note that on your appeal you requested 'direct access to
view the **FOIA Exempt** section of your Central File.' If you have not done so
already, I suggest that you follow the simple access procedures set forth
at..."

I am well aware of the procedures for reviewing my BOP records/files.

Ms. McLeod, for whatever reasons the BOP is refusing to **timely** comply with my
FOI/PA request(s), my request is straightforward and not complicated, there
is no reason it should take this long to produce theses document(s).

My Case Manager recently informed me that he had shredded document(s) in my
Central File. The BOP is well aware of my FOI/PA request so why would they
authorize the destruction of records in my Central File.



FILED

AUG 3 2012

Clerk U.S. ...
Courts for the District ...

PLAINTIFF
EXHIBIT-15-

**Once again, I am asking for the "Escorted Trip Authorization Forms" located in my Central File, from anytime in January 2003 through December 2005.**

The BOP has already destroyed document(s) that may have been relative to my FOI/PA Request, and is delaying the processing of my FOIA request(s), I am asking that this stop.

Respectfully,


Carl T. Swope

2